```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

FLOYD F. HINKLE,                    )
                                    )
              Petitioner            )
                                    )    Civil Action
       v.                           )    No. 10-cv-07404
                                    )
JAMES M. MCGRADY;                   )
THE DISTRICT ATTORNEY OF THE        )
  COUNTY OF LANCASTER; and          )
THE ATTORNEY GENERAL OF THE         )
  [COMMONWEALTH] OF PENNSYLVANIA,   )
                                    )
              Respondents

## **O R D E R**

NOW, this 16th day of October, 2013, upon consideration of the following documents:

  (1) Petition for Writ of Habeas Corpus by a Person in State Custody (Form [Petition] for Use in Applications for Habeas Corpus Under 28 U.S.C. § 2254), which petition was filed December 10, 2010 ("Petition"),[1] together with

      (A) Memorandum of Law Sur Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petitioner's Memorandum");

  (2) Respondent District Attorney of Lancaster County's Answer to Petition for Writ of Habeas Corpus, which answer to petition was filed April 21, 2011 ("Respondent's Answer");

---

[1] Although the docket entries reflect that the petition for writ of habeas corpus was filed December 20, 2010, petitioner indicated next to his signature that he executed the petition on December 10, 2010. (See Petition at 11.) Pursuant to the prison mailbox rule, this court will consider the date of filing as December 10, 2010. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).

-1-

(3) Report and Recommendation of United States Magistrate Judge Timothy R. Rice filed May 23, 2011 ("R&R"); and

(4) Objections to Report and Recommendation Filed on May 24, 2011, which objections were filed June 15, 2011 ("Petitioner's Objections");

it appearing that the within matter was reassigned to me from the calendar of my former colleague, the late Honorable Louis H. Pollak, United States District Judge, on May 21, 2012; it further appearing after review of this matter that the Report and Recommendation of Magistrate Judge Rice correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Rice are overruled.[2]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Petitioner is incarcerated at the State Correctional Institution Retreat in Hunlock Creek, Pennsylvania, where he is serving a sentence of not

(Footnote 2 continued):

(Continuation of footnote 2):

less than 15 years, nor more than 30 years, imprisonment imposed by the Court of Common Pleas of Lancaster County, Pennsylvania. Petitioner received that aggregate sentencing after he entered pleas of guilty to three counts each of Arson endangering persons in violation of 18 Pa.C.S.A. § 3301(a), Criminal conspiracy (arson) in violation of 18 Pa.C.S.A. § 903, and Risking a catastrophe in violation of 18 Pa.C.S.A. § 3302(b), arising out of three separate fires -- one each on August 18, August 25, and September 1, 2001. The factual and procedural history underlying petitioner's request for federal habeas relief is well-summarized in the Report and Recommendation at pages 1-4, and is incorporated here.

Petitioner raises two numbered objections to the Report and Recommendation of Magistrate Judge Rice. Both objections raised by petitioner attack the conclusion reached by Magistrate Judge Rice that the within Petition is time-barred and that plaintiff is not entitled to equitable tolling to cure the late filing. (Petition at pages 3-6.)

As his first objection, petitioner contends that Magistrate Judge Rice applied the incorrect standard when addressing plaintiff's advancement of his actual innocence as a basis for equitable tolling to permit review of his otherwise-time-barred Petition. Specifically, petitioner contends that the Opinion of the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), and not the Opinion of the Court in Shulp v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), cited by Magistrate Judge Rice (see R&R at page 8), applies to claims of actual innocence in support of equitable tolling where a defendant pled guilty. (Objections at pages 3-4.)

Petitioner's argument concerning the standard of review is unavailing. In Bousely (the case which, according to petitioner, contains the correct standard of review), the Court actually cites its prior Opinion in Shulp for the test applicable to such claims of actual innocence: "To establish actual innocence, petitioner must demonstrate that 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623, 118 S.Ct. at 1611, 140 L.Ed.2d at 840 (quoting Shulp, 513 U.S. at 327-328, 115 S.Ct. at 867, 130 L.Ed.2d at 836). Accordingly, petitioner's objection concerning the standard of review applied by Magistrate Judge Rice is overruled.

Petitioner's second objection attacks the conclusion reached (rather than the standard of review applied) by Magistrate Judge Rice. Petitioner contends that he is entitled to equitable tolling and, accordingly, that the court should reach the merits of his Petition.

Even if a claim of actual innocence were available as a basis to support equitable tolling -- a question which the Third Circuit has not decided, see McKeever v. Warden SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007)(noting that the Third Circuit has not yet decided whether a claim of actual innocence may equitably toll the one-year filing period under 28 U.S.C. § 2244(d)) -- petitioner would be required to demonstrate both that

(Footnote 2 continued):

IT IS FURHTER ORDERED that the Report and Recommendation of Magistrate Judge Rice is approved and adopted.

IT IS FURHTER ORDERED that the petition for a writ of habeas corpus is dismissed with prejudice as untimely, without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 2):

(a) in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him, and (b) he exercised reasonable diligence in bringing his claim. See Bousley, 523 U.S. at 623, 118 S.Ct. at 1611, 140 L.Ed.2d at 840; Reed v. Harlow, 448 Fed.Appx. 236, 238 n.2 (3d Cir. 2011). As clearly and accurately explained by Magistrate Judge Rice, petitioner has demonstrated neither here. Accordingly, petitioner's objection to Magistrate Judge Rice's conclusion that petitioner is not entitled to equitable tolling is overruled.

Therefore, I approve and adopt Magistrate Judge Rice's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation. Moreover, because petitioner has not met statutory requirements to have his case heard and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).